UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.E.,<br><br>                    Plaintiff,<br><br>     v.<br><br>ALEJANDRO MAYORKAS, UR M JADDOU, LOREN K MILLER, DANIELLE LEHMAN,<br><br>                    Defendants. | CASE NO. 2:24-cv-01548-JNW<br><br>ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff M.E.'s Motion to Proceed Under Pseudonyms and for Protective Order. Dkt. No. 4. Plaintiff filed this motion before serving Defendants. *See* Dkt. No. 7. As such, it was premature. By requesting a protective order without previously attempting to meet and confer with Defendants, Plaintiff disregards Local Civil Rule 26(c). Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion.

"[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*

**ORDER** DENYING MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER - 1

*Loc. No. 70,* 415 U.S. 423, 439 (1974). "By allowing both sides to have their say, the adversary system promotes accuracy, fairness, and consistency—the hallmarks of our system of justice." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192 (C.D. Cal. 1989). These principles explain why the burden is on ex parte movants to justify "why [they] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Plaintiff offers no such justification here. Plaintiff cites numerous cases to support the merits of her position that she should be allowed to proceed under a pseudonym with her identity shielded from public view. In none of these cases did the court rule on the issue before defendant(s) had notice and an opportunity to be heard. *See, e.g.*, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000); A.*B.T. v. U.S. Citizenship & Immigr. Servs.*, 2012 WL 2995064 (W.D. Wash. July 20, 2012); *J.J. v. Olympia Sch. Dist.*, 2016 WL 3597784 (W.D. Wash. July 5, 2016); *W.H. et al. v. USCIS*, No. 2:15-cv-00813-JLR (W.D. Wash. June 22, 2015); *E.L.A. and O.L.C. v. USA*, No. 2:20-cv-01524-RAJ (W.D. Wash. Apr. 21, 2021); *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003).

Granted, after filing the instant motion, Plaintiff has since served it on Defendants. Dkt. No. 7. However, because Plaintiff filed the motion before effecting service, she necessarily neglected to comply with Local Civil Rule 26(c), which requires: "Any motion for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the

**ORDER** DENYING MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER - 2

dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute." Plaintiff should make a good-faith effort to meet and confer with Defendants before requesting a protective order from the Court. And perhaps the parties may find common ground through meeting and conferring and present any renewed motion as a stipulated motion for relief.

Plaintiff's motion is DENIED WITHOUT PREJUDICE. That said, all parties should scrupulously abstain from disclosing Plaintiff's identity and should proceed using a pseudonym or under seal until the Court has had a chance to rule on the renewed motion, if any, or as otherwise ordered by the Court.

It is so ORDERED.

Dated this 29th day of October, 2024.

Jamal N. Whitehead
United States District Judge

**ORDER** DENYING MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER - 3