1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.E.,<br><br>                    Plaintiff,<br><br>         v.<br><br>ALEJANDRO MAYORKAS, UR M JADDOU, LOREN K MILLER, DANIELLE LEHMAN,<br><br>                    Defendants. | CASE NO. 2:24-cv-01548-JNW<br><br>ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM |

14
15
16

Plaintiff moves for an order allowing her to proceed under a pseudonym and requiring Defendants to maintain her confidentiality in all filings and public proceedings. For the reasons below, this motion is GRANTED.

17
18
19
20
21
22

To protect the public's interest in the open administration of justice, parties must use their real names during litigation. *See* Fed. R. Civ. P. 10(a). But "[i]n this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United*

23

**ORDER** GRANTING MOTION TO PROCEED UNDER PSEUDONYM - 1

*States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir.1981)). "[A] party may preserve [their] anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

"The Court determines whether the plaintiff may proceed anonymously by balancing five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1053 (N.D. Cal. 2020) (citing *Does I Thru XXIII*, 214 F.3d at 1067–68). When this balancing test is satisfied, plaintiffs may depart from the usual presumption under Federal Rule of Civil Procedure 10(a)that "[t]he title of the complaint must name all the parties" in an action.

Plaintiff moved on October 2, 2024, for "a protective order" allowing Plaintiff "to proceed in this action using a pseudonym and requiring Defendants to maintain her confidentiality in all filings and public proceedings." Dkt. No. 4. Plaintiff asserted that this litigation involves "highly personal" information related to Plaintiff's history of gender-based persecution, which, if disclosed, "could lead to increased risk for Plaintiff and her family," including "risk of retaliatory harm." *Id.* at 3. Because Plaintiff filed this motion before Defendants appeared, the Court construed it as an ex parte request for relief and denied it without prejudice and without considering the merits. *Id.* The Court also cited LCR 26(c), which requires that "[a]ny motion for a protective order must include a certification, in the motion

**ORDER** GRANTING MOTION TO PROCEED UNDER PSEUDONYM - 2

or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action." *Id.* at 2-3.

Renewing her request for a "protective order," Plaintiff contends, with virtually no authority, that LCR 26(c) only applies in the discovery phase of litigation and that her request is thus governed only by Rule 5.2(e). *Id.* The Court disagrees. LCR 26(c) unambiguously applies to "*[a]ny* motion for a protective order" (emphasis added), including the instant request. As such, Plaintiff was bound by the Federal and Local Rules' meet-and-confer requirements.

Plaintiff now represents that "Plaintiff's counsel communicated with opposing counsel on November 5 and November 6, 2024, the date that opposing counsel entered an appearance, and opposing counsel by email stated that they do not oppose this motion." Dkt. No. 10 at 1-2. This will suffice as a meet-and-confer certification. *See* LCR 1(c)(6).

In any event, setting civil procedure formalities aside, the Court finds that it can grant Plaintiff the requested relief under its "inherent power to control [its] docket," which entails "mechanisms for 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Authorizing Plaintiff to proceed under pseudonym—and ordering Defendants to maintain Plaintiff's confidentiality in all filings and public proceedings—lies within the Court's inherent authority.

**ORDER** GRANTING MOTION TO PROCEED UNDER PSEUDONYM - 3

Defendants' appearance, together with Defendants' lack of opposition to the instant motion, signals that Plaintiff's request to proceed under pseudonym will not unduly prejudice the opposing party. Thus, the weight of the five-factor balancing test has shifted. The Court finds that Plaintiff's "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *See Does I Thru XXIII*, 214 F.3d at 1068.

Therefore, the Court ORDERS as follows:

1. Plaintiff M.E. may proceed in this action using only the first initials of her first and last name, and her identity will remain confidential to all but this Court and the Defendants.

2. Defendants must use only M.E.'s initials in all their filings, including all exhibits in which her name appears.

3. Nothing in this Order may be construed as limiting or precluding Defendants from using M.E.'s full name and identity or information derived from her full name and identity in the ordinary course of Defendants' lawful business as allowed by law or from sharing her full name and identity with other government entities and as done in Defendants' ordinary course of business as allowed by law.

It is so ORDERED.

Dated this 18th day of November, 2024.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM - 4